UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.  **2:25-cv-01000-MAR** | Date:  June 11, 2025 |
| Title:  *Deondre Raglin v. Restaurant Products, Inc et al* | |

Present: The Honorable:  MARGO A. ROCCONI, UNITED STATES MAGISTRATE JUDGE

| VALERIE VELASCO | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:  (In Chambers) ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO PROSECUTE**

On February 5, 2025, Plaintiff Deondre Raglin ("Plaintiff") filed a complaint against Defendants Restaurant Products, Inc. d/b/a JAY BEE'S BAR-B-QUE and Beverly Neely-Williams ("Defendants") and Defendants Does 1 through 10.  ECF Docket No. 1 ("Complaint").  Plaintiff served Defendants with the summons and Complaint on February 27, 2025—accordingly, Defendants' answer was due on March 19, 2025.  Dkts. 7–8.  The time for Defendants to answer the Complaint has now passed, and they have not challenged service in any way or otherwise responded to the Complaint.  See Fed. R. Civ. P. 12(a)(2), (b).  Any such objection may therefore be waived.  See Fed. R. Civ. P. 12(h).  However, Plaintiff has not moved for entry of default.  See Fed. R. Civ. P. 55(a).

Federal Rule of Civil Procedure 41(b) grants the Court authority to sua sponte dismiss actions for failure to prosecute or failure to comply with court orders.  See Fed. R. Civ. P. 41(b); Wolff v. California, 318 F.R.D. 627, 630 (C.D. Cal. 2016).  A plaintiff must prosecute her case with "reasonable diligence" to avoid dismissal pursuant to Rule 41(b).  Anderson v. Air W., Inc., 542 F.2d 522, 524 (9th Cir. 1976).  Here, it appears that Plaintiff has failed to prosecute the case with reasonable diligence because he has failed to request an entry of default for over two months.

Accordingly, the Court, on its own motion, orders Plaintiff to request an entry of default, or to show cause in writing as to why he has not done so, on or before June 25, 2025.  **Plaintiff is expressly warned that failure to timely file a response to this Order will result in this action being dismissed without prejudice as to one or more defendant(s) for failure to prosecute and comply with court orders.  See Fed. R. Civ. P. 41(b).  Within thirty days of any entry of default, Plaintiff**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.  **2:25-cv-01000-MAR**                                               Date:  June 11, 2025

Title:      *Deondre Raglin v. Restaurant Products, Inc et al*

must move for default judgment or, again, this action will likely be dismissed for failure to prosecute.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| **Initials of Preparer** | vv |